**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
July 30, 2014
**JEFFREY P. COLWELL, CLERK**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-CV-01858-WJM-BNB

Plaintiff(s):   **COLORADO HOSPITALITY SERVICE, INC., HOTEL GOLD CROWN, a Colorado company,**

v.

Defendant(s): **AUTO-OWNERS INSURANCE COMPANY.**

EXHIBIT 1

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-CV-01858-WJM-BNB

Plaintiff(s):   **COLORADO HOSPITALITY SERVICE, INC., HOTEL GOLD CROWN**, **a Colorado company**,

v.

Defendant(s):  **AUTO-OWNERS INSURANCE COMPANY.**

### AMENDED ANSWER AND JURY DEMAND AND COUNTERCLAIM

Defendant, Auto-Owners Insurance Company (hereinafter referred to as "Auto-Owners"), by and through its attorneys, Gregory R. Giometti & Associates, P.C., hereby submits its Answer and Jury Demand, as follows:

### RESPONSE TO GENERAL ALLEGATIONS

1. Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of Plaintiff's Complaint and, therefore, denies same.

2. Auto-Owners admits the averments of paragraph 2 of Plaintiff's Complaint.

3. The averments contained in paragraph 3 of Plaintiff's Complaint are moot since this matter has been properly removed to the U.S. District Court for the District of Colorado. Therefore, no answer to this paragraph is required.

### ANSWER TO FIRST CLAIM FOR RELIEF

4. With respect to the averments of paragraph 4 of Plaintiffs' Complaint, Auto-Owners incorporates by reference its answers to the averments of paragraphs 1 through 3 as though fully set forth herein.

1

5. With respect to the averments of paragraph 5 of Plaintiff's Complaint, Auto-Owners admits that it issued Policy Number 094632-74944833-11 ("the Policy"), with effective dates of August 1, 2011 to August 1, 2012, to Colorado Hospitality Services, Inc. Hotel Gold Grown, for the location at 7770 S. Peoria Street, Englewood, CO 80112-4138. Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 5, and, therefore, denies same.

6. With respect to the averments of paragraph 6 of Plaintiff's Complaint, Auto-Owners states that the language of the Policy speaks for itself.

7. Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of Plaintiff's Complaint, and, therefore, denies same.

8. Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of Plaintiff's Complaint, and, therefore, denies same.

9. Auto-Owners admits the averments of paragraph 9 of Plaintiff's Complaint.

10. With respect to the averments of paragraph 10 of Plaintiff's Complaint, Auto-Owners admits that Plaintiff submitted a claim for the loss alleged in paragraph 8 of Plaintiff's Complaint, to which Auto-Owners assigned Claim No. 74-2791-12. Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 10, and, therefore, denies same.

11. Auto-Owners denies the averments of paragraph 11 of Plaintiff's Complaint.

12. Auto-Owners admits the averments of paragraph 12 of Plaintiff's Complaint.

13. Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of Plaintiff's Complaint, and, therefore, denies same.

14.   With respect to the averments of paragraph 14 of Plaintiff's Complaint, Auto-Owners admits that on or about March 18, 2014, a Proof of Loss in the amount of $2,423,627.42, was apparently signed by Mr. Lindhurst, who then submitted the Proof of Loss to Auto-Owners.

15.   Auto-Owners denies the averments of paragraph 15 of Plaintiff's Complaint.

16.   Auto-Owners denies the averments of paragraph 16 of Plaintiff's Complaint.

17.   Auto-Owners denies the averments of paragraph 17 of Plaintiff's Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

18.   With respect to the averments of paragraph 18 of Plaintiffs' Complaint, Auto-Owners incorporates by reference its answers to the averments of paragraphs 1 through 17 as though fully set forth herein.

19.   With respect to the averments of paragraph 19 of Plaintiff's Complaint, such allegations are legal in nature, and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19, and, therefore, denies same.

20.   With respect to the averments of paragraph 20 of Plaintiff's Complaint, such allegations are legal in nature, and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20, and, therefore, denies same.

21.   Auto-Owners denies the averments of paragraph 21 of Plaintiff's Complaint.

22.   Auto-Owners denies the averments of paragraph 22 of Plaintiff's Complaint.

23.   Auto-Owners denies the averments of paragraph 23 of Plaintiff's Complaint.

## ANSWER TO THIRD CLAIM FOR RELIEF

24. With respect to the averments of paragraph 24 of Plaintiffs' Complaint, Auto-Owners incorporates by reference its answers to the averments of paragraphs 1 through 23 as though fully set forth herein.

25. With respect to the averments of paragraph 25 of Plaintiff's Complaint, such allegations are legal in nature, and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25, and, therefore, denies same.

26. Auto-Owners denies the averments of paragraph 26 of Plaintiff's Complaint.

27. Auto-Owners denies the averments of paragraph 27 of Plaintiff's Complaint.

28. With respect to the averments of paragraph 28 of Plaintiff's Complaint, such allegations are legal in nature, and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Auto-Owners is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28, and, therefore, denies same.

29. Auto-Owners denies the averments of paragraph 29 of Plaintiff's Complaint.

## GENERAL DENIAL

30. Auto-Owners denies each and every averment of Plaintiff's Complaint not specifically and unequivocally admitted herein, including the relief requested by Plaintiff in its Prayer for Relief.

## **DEFENSES**

Auto-Owners hereby asserts the following defenses to the averments of the Plaintiff's Complaint:

1. Plaintiff may have failed to mitigate its damages, if any.

2. Plaintiff has no insurable interest in the real property where the loss allegedly occurred, and, therefore, may not be entitled to recover any insurance benefits for alleged damage to such property.

3. Plaintiff has no financial interest in the real property where the loss allegedly occurred, and, therefore, may not be entitled to recover any insurance benefits for alleged damage to such property.

4. Plaintiff's claims for alleged bad faith and unreasonable delay or denial of covered benefits are without merit because the issues regarding Plaintiff's claim for policy benefits are "fairly debatable". *See Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567 (Colo. App. 2003). First, it is questionable whether Plaintiff has an insurable interest with respect to the damage to the real property where the loss occurred. Second, acting under the assumption that coverage exists for the loss, Auto-Owners paid the Plaintiff $137,149.21, which Auto-Owners reasonably believed to be the amount due for the ACV of the loss (less the $5,000 deductible), based upon an estimate prepared by an independent adjusting company, Catastrophe Specialists, Inc. Third, after Plaintiff submitted its Proof of Loss dated March 18, 2014, claiming damages of $2,423,627.42, Auto-Owners hired an engineering firm, Ponderosa Associates, to re-evaluate the damage allegedly caused by the hail. Auto-Owners advised Plaintiff that, based upon the engineer's report, it was re-evaluating the loss, but Auto-Owners did not have time to complete this re-evaluation because Plaintiff filed this lawsuit before the re-evaluation could take place.

5

Thus, Auto-Owners was in the process of re-evaluating a disputed claim when Plaintiff commenced this litigation.

5. Plaintiff's claims may be barred or limited by the Collateral Source Rule of C.R.S. § 13-21-111.6.

6. The Plaintiff's alleged damages, if any, may be due to conditions, causes or circumstances which existed before the incident, or conditions, causes or circumstances which developed thereafter, for which Defendant is not responsible under the Policy. Specifically, at least in part, Plaintiff's alleged damages may not be covered, or are excluded, under the Policy because they were not the result of direct physical loss, or were the result of one or more excluded causes, including, but not limited to one or more of the following: wear and tear; rust, corrosion, decay, deterioration, or hidden or latent defect or any quality in property that causes it to damage or destroy itself; settling, cracking, shrinking or expansion; mechanical breakdown; continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more; faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, or remodeling; faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; or faulty, inadequate or defective maintenance.

7. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

8. Plaintiff's recovery, if any, is limited by the terms of the Policy. Specifically, to the extent that Plaintiff is entitled to recovery, if any, under the Policy for direct physical damage to the property, such recovery does not include the replacement cost of the property, but is limited to ACV, because the Policy does not list replacement cost coverage as an optional coverage purchased by Plaintiff.

6

9. Defendant's conduct was reasonable and its actions were not without substantial justification.

10. Defendant is entitled to a setoff for all amounts paid by or on behalf of any party, including Auto-Owners, to or on behalf of the Plaintiff for the alleged damages and losses.

11. Any claims for coverage under the Policy may be barred by Plaintiff's failure to comply with the **LOSS CONDITIONS** contained in the Policy.

12. To the extent that no coverage exists under the policy, Auto-Owners cannot be held liable for the extra-contractual claims asserted in the Complaint.

13. Auto-Owners reserves the right to amend its Answer to assert such further defenses and affirmative defenses as may be warranted pursuant to further investigation and discovery herein.

**AUTO-OWNERS REQUESTS A TRIAL TO A JURY ON ALL ISSUES.**

## COUNTERCLAIM

The Defendant, Auto-Owners Insurance Company ("Auto-Owners"), by and through its attorneys, Gregory R. Giometti & Associates, P.C., hereby submits its Counterclaim, pursuant to C.R.C.P. 13, 15(a), and 57, and C.R.S. § 13-51-101 *et seq*., as follows:

### PARTIES AND POLICY

1. Auto-Owners is an insurance company organized under the laws of the State of Ohio, with its primary place of business in Michigan, and is licensed to issue insurance policies within the State of Colorado.

2. Colorado Hospitality Service Inc., Hotel Gold Crown, ("Hotel Gold Crown"), alleges that it is and has been a business operating a Ramada Inn hotel located at 7770 South Peoria St, Englewood, CO 80112.

7

3. Auto-Owners issued a Motel/Hotel Property Plus Insurance Policy, Policy No. 094632-74494833-11 (the "Policy"), to Colorado Hospitality Service Inc., Hotel Gold Crown, c/o Bruce Ramani.

4. The Policy period was from August 1, 2011 to August 1, 2012.

5. The Policy includes the following definitions:

> "you" and "your" refer to the Named Insured in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."
>
> The word "insured" means any person or organization qualifying as such under Section II – Who is An Insured.

6. The Policy contains the following Loss Payment provision:

> We will not pay you more than your financial interest in the covered property.

7. The Policy contains the following exclusion:

> **A.   CONCEALMENT, MISREPRESENTATION OR FRAUD**
>
> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
>> 3. Your interest in the Covered Property . . .

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

8. Hotel Gold Crown submitted a Property Loss Notice on June 11, 2012, to Auto-Owners for hail damage to its property that allegedly occurred on June 6, 2012.

9. Auto-Owners investigated the claim, determined that the Loss cause covered damage in the amount of $180,650.82, and issued an ACV payment for the Loss of $137,149.21, reflecting a reduction for the deductible and depreciation.

10. After receiving the payment from Auto-Owners, Hotel Gold Crown submitted a Property Loss Notice dated March 18, 2014, alleging damage to the property due to hail in the amount of $2,423,532.42.

11. Upon further investigation of Hotel Gold Crown's claim, Auto-Owners has learned that Hotel Gold Crown did not own or manage the property or the buildings on the property at the time of the loss, had no financial interest in the property or its buildings, and therefore had no authority to acquire insurance or submit a claim for alleged loss due hail damage on June 6, 2012.

12. Hotel Gold Crown filed its lawsuit in this matter in the District Court, Arapahoe County, Colorado on June 5, 2014.

### FIRST CLAIM FOR RELIEF

(DECLARATORY JUDGMENT ACTION TO DETERMINE SCOPE OF COVERAGE)

13. Auto-Owners incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

14. Pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, this Court has the authority and jurisdiction to declare the rights and other legal relations of the parties to this litigation, including construing the terms of a contract.

15. An insurance company has standing to bring a declaratory judgment action when an insured has made a claim and the insurance company seeks a determination that no benefits are due under the policy. *Farmers Ins. Exch. v. Dist. Court for Fourth Judicial Dist.*, 862 P.2d 944, 949 (Colo. 1993), citing *Am. Family Mut. Ins. Co. v. Bowser*, 779 P.2d 1376, 1381 (Colo. Ct. App. 1989).

16. The Policy provides coverage only to persons or entities that have a financial interest in the property or buildings where a loss occurs.

17. Hotel Gold Crown had no financial interest in the real property where the loss allegedly occurred, and, therefore, is not be entitled to recover any insurance benefits for alleged damage to such property.

18. The Policy provides coverage only to persons or entities that have an insurable interest in the property or buildings where a loss occurs.

19. Hotel Gold Crown had no insurable interest in the real property where the loss allegedly occurred, and, therefore, is not be entitled to recover any insurance benefits for alleged damage to such property.

20. Hotel Gold Crown at no time advised Auto-Owners that Hotel Gold Crown did not have a financial interest or an insurable interest in the real property where the loss allegedly occurred.

WHEREFORE, Auto-Owners respectfully requests the Court to enter orders and judgments in its favor as follows: (1) a judgment in its favor, dismissing the Plaintiff's Complaint against it with prejudice; and (2) a declaratory judgment in its favor that the Policy does not provide coverage for damage alleged by Plaintiff in its Complaint. In addition, Auto-Owners requests the Court to award costs incurred in this action and for such other and further relief as may be just and proper under the circumstances.

**AUTO-OWNERS REQUESTS A TRIAL TO A JURY ON ALL ISSUES.**

Respectfully submitted this 29th day of July, 2014.

           **GREGORY R. GIOMETTI & ASSOC., P.C.**

           *Original Signature on File*
           *s/ Mark E. Honhart*
           Gregory R. Giometti, #16868
           Mark E. Honhart, #26102
           Gregory R. Giometti & Associates, P.C.
           50 S. Steele Street, Suite 480
           Denver, CO 80209
           Phone: (303) 333-1957
           Fax: (303) 377-3460
           E-mail: ggiometti@giomettilaw.com
              mhonhart@giomettilaw.com

*Defendant's Address:*
6101 Anacapri Blvd.
Lansing, MI  48917


### CERTIFICATE OF SERVICE

   I hereby certify that on this 29th day of July, 2014, a true and correct copy of the foregoing **AMENDED ANSWER AND JURY DEMAND AND COUNTERCLAIM** was filed and served electronically via CM/ECF to the following:

Marie E. Drake, Esq.
Angela M. Schmitz, Esq.
THE DRAKE LAW FIRM, P.C.
1621 18th Street, Suite 260
Denver, CO 80202

Andrew Plunkett, Esq.
John Owen, Esq.
Childress Duffy, Ltd.
500 N. Dearborn Street, Suite 1200
Chicago, IL 60654

           *Original signature on file*
           *s/ Sandra K. Ruszkowski*
           Sandra K. Ruszkowski