IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil action no: 1:14-cv-01858-WJM-BNB

COLORADO HOSPITALITY SERVICE, INC., HOTEL GOLD CROWN,
a Colorado company,

Plaintiff,

vs.

AUTO-OWNERS INSURANCE COMPANY,

Defendant.

_____

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM
_____

Plaintiff, Colorado Hospitality Service, Inc., Hotel Gold Crown ("Colorado Hospitality"), by and through its attorneys, Childress Duffy, Ltd. and The Drake Law Firm, hereby submits its Answer To Defendant's Counterclaim, as follows:

1. Auto-Owners is an insurance company organized under the laws of the State of Ohio, with its primary place of business in Michigan, and is licensed to issue insurance policies within the State of Colorado.

**Response:** Admitted.

2. Colorado Hospitality Service Inc., Hotel Gold Crown, ("Hotel Gold Crown"), alleges that it is and has been a business operating a Ramada Inn hotel located at 7770 South Peoria St, Englewood, CO 80112.

**Response:** **Colorado Hospitality Services, Inc. admits that it is and has been a business operating a Ramada Inn hotel located at 7770 South Peoria**

1

**St, Englewood, CO 80112.**

3. Auto-Owners issued a Motel/Hotel Property Plus Insurance Policy, Policy No. 094632-74494833-11 (the "Policy"), to Colorado Hospitality Service Inc., Hotel Gold Crown, c/o Bruce Rahmani.

**Response:** **Auto-Owners did not attach a copy of the Policy to its Answer and Counterclaim, and thus Colorado Hospitality demands strict proof of this allegation. On information and belief, Colorado Hospitality admits that Auto-Owners issued an insurance policy that provided commercial property coverage to Colorado Hospitality Service Inc., Hotel Gold Crown, c/o Bruce Rahmani, Policy Number 094632-74494833-11 ("the Policy").**

4. The Policy period was from August 1, 2011 to August 1, 2012.

**Response:** **Admitted.**

5. The Policy includes the following definitions:

> "you" and "your" refer to the Named Insured in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."
>
> The word "insured" means any person or organization qualifying as such under Section II – Who is An Insured.

**Response:** **Auto-Owners did not attach a copy of the Policy to its Answer and Counterclaim and thus, Colorado Hospitality demands strict proof of this allegation. Colorado Hospitality is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.**

6. The Policy contains the following Loss Payment provision:

> We will not pay you more than your financial interest in the

2

covered property.

**Response:     Auto-Owners did not attach a copy of the Policy to its Answer and Counterclaim, and thus Colorado Hospitality demands strict proof thereof. Colorado Hospitality is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.**

7.     The Policy contains the following exclusion:

> **A.     CONCEALMENT, MISREPRESENTATION OR FRAUD**
>
> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> > 3.     Your interest in the Covered Property . . .

**Response:     Auto-Owners did not attach a copy of the Policy to its Answer and Counterclaim, and thus Colorado Hospitality demands strict proof thereof. Colorado Hospitality is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.**

8.     Hotel Gold Crown submitted a Property Loss Notice on June 11, 2012, to Auto-Owners for hail damage to its property that allegedly occurred on June 6, 2012.

**Response:     Auto-Owners did not attach a copy of the Property Loss Notice to its Answer and Counterclaim. Colorado Hospitality is without knowledge or information sufficient to form a belief about the truth of the**

3

allegations in Paragraph 8.  Colorado Hospitality affirmatively states that it made a claim for insurance benefits owed on or about June 11, 2012.

       9.     Auto-Owners investigated the claim, determined that the Loss cause covered damage in the amount of $180,650.82, and issued an ACV payment for the Loss of $137,149.21, reflecting a reduction for the deductible and depreciation.

**Response:** Admit that Auto-Owners sent an adjuster to the insured property. Colorado Hospitality admits that Auto-Owners created an estimate of the covered damage of the Loss in the amount of $180,650.82. Colorado Hospitality admits that Auto-Owners, issued an underpayment of the Loss in the amount of $137,149.21. Colorado Hospitality denies any remaining averments in Paragraph 9 of Auto-Owners' Counterclaim.

      10.    After receiving the payment from Auto-Owners, Hotel Gold Crown submitted a Property Loss Notice dated March 18, 2014, alleging damage to the property due to hail in the amount of $2,423,532.42.

**Response:** Auto-Owners did not attach a copy of the Property Loss Notice to its Answer and Counterclaim. Colorado Hospitality is without knowledge or information sufficient to admit or deny the averments of Paragraph 10. Colorado Hospitality affirmatively states that, on or about March 18, 2014, it submitted a proof of loss listing the disputed loss and damage to buildings in the amount of $2,423,632.42.

      11.    Upon further investigation of Hotel Gold Crown's claim, Auto-Owners has learned that Hotel Gold Crown did not own or manage the property or the

buildings on the property at the time of the loss, had no financial interest in the property or its buildings, and therefore had no authority to acquire insurance or submit a claim for alleged loss due hail damage on June 6, 2012.

**Response:    Colorado Hospitality is without knowledge or information sufficient to admit or deny the averments of Paragraph 11, as Colorado Hospitality does not have any knowledge regarding Auto-Owners' further investigation; when that investigation occurred; what information was learned; or what sources of information it relied upon in its further investigation. Colorado Hospitality states affirmatively that it had a financial and/or insurable interest when it acquired insurance from Auto-Owners and when it submitted a claim for hail damage resulting from a storm on June 6, 2012.**

12.    Hotel Gold Crown filed its lawsuit in this matter in the District Court, Arapahoe County, Colorado on June 5, 2014.

**Response:    Admitted.**

### ANSWER TO DEFENDANT'S FIRST CLAIM FOR RELIEF

13.    Auto-Owners incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**Response:    With respect to the averments of paragraph 13 of Defendant's Counterclaim, Colorado Hospitality incorporates by reference its answers to the averments of paragraphs 1 through 12 as though fully set forth herein.**

14.    Pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, this Court has

the authority and jurisdiction to declare the rights and other legal relations of the parties to this litigation, including construing the terms of a contract.

**Response:    With respect to the averments of paragraph 14 of Defendant's Counterclaim, such allegations are legal in nature, and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Colorado Hospitality is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14, and, therefore, denies same.**

15.    An insurance company has standing to bring a declaratory judgment action when an insured has made a claim and the insurance company seeks a determination that no benefits are due under the policy. *Farmers Ins. Exch. v. Dist. Court for Fourth Judicial Dist.*, 862 P.2d 944, 949 (Colo. 1993), citing *Am. Family Mut. Ins. Co. v. Bowser*, 779 P.2d 1376, 1381 (Colo. Ct. App. 1989).

**Response:    With respect to the averments of paragraph 15 of Defendant's Counterclaim, such allegations are legal in nature, and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Colorado Hospitality is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15, and, therefore, denies same.**

16.    The Policy provides coverage only to persons or entities that have a financial interest in the property or buildings where a loss occurs.

**Response:    With respect to the averments of paragraph 16 of**

6

**Defendant's Counterclaim, such allegations are legal in nature, and the interpretation of the Policy at issue and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Colorado Hospitality is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16, and, therefore, denies same.**

17. Hotel Gold Crown had no financial interest in the real property where the loss allegedly occurred, and, therefore, is not be entitled to recover any insurance benefits for alleged damage to such property.

**Response:     Denied.**

18. The Policy provides coverage only to persons or entities that have an insurable interest in the property or buildings where a loss occurs.

**Response:     With respect to the averments of paragraph 18 of Defendant's Counterclaim, such allegations are legal in nature, and the interpretation of the Policy at issue and the law applicable to the case is for the Court to decide, so no response to such averments is required. To the extent that a response is required, Colorado Hospitality is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18, and, therefore, denies same.**

19. Hotel Gold Crown had no insurable interest in the real property where the loss allegedly occurred, and, therefore, is not be entitled to recover any insurance benefits for alleged damage to such property.

**Response:   Denied.**

20.   Hotel Gold Crown at no time advised Auto-Owners that Hotel Gold Crown did not have a financial interest or an insurable interest in the real property where the loss allegedly occurred.

**Response:   Colorado Hospitality had and continues to have an insurable interest in the real property where the Loss occurred. Because it had an insurable interest, it did not advise Auto-Owners to the contrary.**

WHEREFORE, Auto-Owners respectfully requests the Court to enter orders and judgments in its favor as follows: (1) a judgment in its favor, dismissing the Plaintiff's Complaint against it with prejudice; and (2) a declaratory judgment in its favor that the Policy does not provide coverage for damage alleged by Plaintiff in its Complaint.  In addition, Auto- Owners requests the Court to award costs incurred in this action and for such other and further relief as may be just and proper under the circumstances.

**Response:   Colorado Hospitality denies that Auto-Owners is entitled to the relief requested in its Prayer for Relief in its Counterclaim.**

## DEFENSES

Colorado Hospitality hereby asserts the following defenses to the averments of the Defendant's Counterclaim:

1.   Defendant's Counterclaim, in whole or in part, has failed to state a claim upon which relief may be granted.

2.	Defendant's Counterclaim may be barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, or unclean hands.

3.	Plaintiff is not responsible for any error, negligent or otherwise, made by Auto-Owners, its agents, employees, or representatives, in accurately identifying the named insured when the Policy was issued.

Respectfully submitted this 19th day of August, 2014.

CHILDRESS DUFFY, LTD.

*s / John M. Owen*
John M. Owen, Reg. No. 47187
Childress Duffy, Ltd.
500 N. Dearborn St, Suite 1200
Chicago, IL 60654
Telephone:  312-494-0200
Fax:  312-494-0202
jowen@childresslawyers.com
service@childresslawyers.com
*Co-Counsel for Plaintiff*

Marie E. Drake, Reg. No. 30754
Angela M. Schmitz, Reg. No. 42065
The Drake Law Firm, P.C.
1600 Jackson Street, Suite 340
Golden, CO 80401
Telephone:  303-261-8111
Fax:  303-261-8199
marie@thedrakelawfirm.com
angie@thedrakelawfirm.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2014, I electronically filed the foregoing **Answer to Defendant's Counterclaim** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following parties:

Mark Edward Honhart, Reg. No. 26102
Gregory R. Giometti, Reg. No. 16868
GREGORY R. GIOMETTI & ASSOCIATES, P.C.
50 South Steele Street, Suite 480
Denver, CO 80209
Telephone:  303-333-1957
Fax:  303-377-3460
ggiometti@giomettilaw.com
mhonhart@giomettilaw.com
*Counsel for Defendant*

DATED this 19th day of August, 2014.

*s / John M. Owen*
John M. Owen