IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-1858-WJM-NYW

COLORADO HOSPITALITY SERVICE, INC., HOTEL GOLD CROWN, a Colorado company d/b/a HOTEL GOLD CROWN,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Colorado Hospitality Service, Inc., Hotel Gold Crown ("Plaintiff") brings this action against Defendant Auto-Owners Insurance Company ("Defendant") related to coverage under an insurance policy issued by Defendant for hail damage to the Ramada Inn in Englewood, Colorado. (ECF No. 3.) This matter is before the Court on Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 43.) For the reasons below, the Motion is denied.

### I. BACKGROUND

The following relevant facts are undisputed, unless otherwise noted. This case arises from damage caused by a hailstorm on June 6, 2012, to a hotel located at 7770 South Peoria Street in Englewood, Colorado, currently known as the Ramada Englewood. (Movant's Statement of Undisputed Material Facts ("MSUMF") (ECF No. 43 at 2–5) ¶¶ 3, 9). The Ramada Englewood is located on land owned by the Arapahoe County Public Airport Authority ("ACPAA"), and leased to Centennial Hotel,

LLC.  (*Id.* ¶¶ 6–8.)  On December 31, 2009, Centennial Hotel entered into a Hotel Management Agreement with Southeast Hospitality, LLC ("Southeast"), an entity created by Mr. Bruce Rahmani for the purposes of managing the hotel.  (*Id.* ¶ 10; Rahmani Dep. (ECF No. 44-7) pp. 24–25.)  The Hotel Management Agreement provides, among other things, that Southeast shall bear the responsibility to "maintain and repair all improvements, real property and personal property associated with the Hotel . . . ," and "obtain and maintain the insurance coverages for the Property and the Hotel Business as required by Owner, as required by the Ground Lease with the Airport Authority, and also as required under any hotel franchise agreement."  (ECF No. 44-1 ¶¶ 4(g), (n).)

On January 10, 2010, Southeast executed an Assignment of Management Contract ("Assignment") assigning its obligations under the Hotel Management Agreement to Plaintiff, Southeast's parent company.  (Statement of Additional Facts ("SAF") (ECF No. 44 at 6–9) ¶ 3.)  The Assignment was signed by Rahmani twice—once as president and sole shareholder of Plaintiff, and again as a member of Southeast.  (ECF No. 44-6; *see also* MSUMF ¶ 2.)  On January 25, 2010, the ACPAA executed a Consent to the Hotel Management Agreement between Centennial Hotel and Southeast, but did not execute any written consent to the Assignment.  (MSUMF ¶¶ 11, 13.)

At the time of the hailstorm, Plaintiff held a commercial property insurance policy issued by Defendant (the "Policy") which identified the Ramada Englewood's address as the location of the covered property.  (*Id.* ¶¶ 1, 3.)  Plaintiff submitted a Property Loss Notice dated June 11, 2012 to Defendant seeking coverage under the Policy for

2

hail damage to the Ramada Englewood.  (*Id.* ¶ 16.)  Defendant conducted an investigation, and on July 15, 2013, tendered a Claim Payment in the amount of $137,149.21.  (*Id.* ¶ 17.)  Two weeks later, Defendant renewed the Policy for the following year.  (SAF ¶ 19.)  On March 18, 2014, Plaintiff completed and tendered to Defendant a Proof of Loss alleging damage to the Ramada Englewood in the amount of $2,423,632.42.  (*Id.* ¶ 20.)

Plaintiff filed this action on June 5, 2014 in the District Court for Arapahoe County, Colorado asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and bad faith insurance breach.  (ECF No. 1-5.)  Defendant removed to this Court on July 3, 2014 based on the diversity of the parties.  (ECF No. 1.)  The instant Motion seeking summary judgment was filed on April 21, 2015.  (ECF No. 43.)  Plaintiff filed a Response (ECF No. 44), and Defendant a Reply (ECF No. 45).  Plaintiff's Motion for Leave to File a Surreply was denied for lack of good cause shown.  (ECF No. 47.)  The Motion is therefore ripe for disposition.

On June 4, 2015, a Final Pretrial Order was entered (ECF No. 51), and this case was subsequently set for a five-day jury trial to commence on January 11, 2016.  (ECF No. 53.)

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute

regarding a material fact depends upon whether the evidence presents a sufficient disagreement as to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense, and a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must examine the facts in the light most favorable to the nonmoving party, and resolve factual ambiguities against the moving party. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987). The summary judgment standard thus favors a right to trial. *See id.*

### III.  ANALYSIS

Defendant's Motion contains three subsections: (1) Plaintiff had no insurable interest because it had no ownership interest in the Ramada Englewood and the Hotel Management Agreement is merely a personal services contract; (2) because Plaintiff had no insurable interest, it materially misrepresented the existence of such an interest when the Policy was issued; and (3) the bad faith claims fail because there is no viable claim for benefits under the Policy. (ECF No. 43.) As all three of these arguments rely on the premise that Plaintiff lacked an insurable interest at the time of the loss, the Court begins its analysis there.

"An insured seeking to enforce a claim under an insurance policy must have an insurable interest in the damaged property." *Omni Dev. Corp. v. Atlas Assur. Co. of*

*Am.*, 956 P.2d 665, 669 (Colo. App. 1998). "Insurable interest" is defined by Colorado statute as "every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured." Colo. Rev. Stat. § 10-1-102(11). "Damnify" is defined as "[t]o cause loss or damage to; to injure." *Black's Law Dictionary* (10th ed. 2014). Accordingly, an insurable interest exists where the insured has such a relationship with the property that it would incur a loss if the property were harmed by the risk against which it is insured. *See Bird v. Cent. Mfrs. Mut. Ins. Co.*, 120 P.2d 753, 755 (Or. 1942). Ascertaining the existence of an insurable interest focuses on the potential for economic loss, not ownership of the property that is damaged. *See* 44 Am. Jur. 2d Ins. §§ 926, 938 (2015).

Though Defendant admits that the lack of an ownership interest does not necessarily foreclose an insurable interest, Defendant argues that Plaintiff holds no such interest here because the Hotel Management Agreement is "merely a personal services contract," and Plaintiff was "merely a manager of the hotel operation." (ECF No. 43 at 9.) For these propositions, Defendant cites the legal analysis of its expert, Mr. Geoffrey P. Anderson, which found no insurable interest. (*Id.* at 6 (citing ECF Nos. 43-14 & 43-15).) However, Mr. Anderson's legal conclusions may not be considered as evidence in support of Defendant's Motion, regardless of whether those opinions are rebutted by any contrary expert. *See United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) ("An expert may not state legal conclusions drawn by applying the law to the facts[.]") (internal citation and quotation marks omitted).

The only other pertinent citation in the Motion refers to a jury instruction in

another case in this District, which stated that "a financial interest, in the context of a property insurance provision limiting payment to an insured's financial interest in covered property refers to the 'percentage or fractional share of an insured person's ownership in the covered property.'" (ECF No. 43 at 10 (quoting *Hossein Bagher d/b/a Cherry Creek Oriental Rugs v. Auto-Owners Ins. Co.*, No. 12-cv-00980-REB-KLM, ECF No. 114-4 (D. Colo. 2014)).)  Given the clear and unambiguous statutory definition of "insurable interest," this jury instruction in an unrelated case in a different context does not persuade the Court that an ownership interest in property is required in order for an insured to suffer a financial loss from damage to that property.  Accordingly, Plaintiff's lack of ownership interest in the Ramada Englewood is not dispositive.

Defendant's failure to cite any case law or perform any legal analysis dooms its Motion, as it has provided no support for its contention that Plaintiff lacked any insurable interest as a matter of law.  Instead, and in the absence of any properly supported legal argument to the contrary, the Court finds that Plaintiff has presented sufficient evidence on which a jury could rely to find the existence of an insurable interest, namely its contractual obligation under the Hotel Management Agreement and Assignment to maintain insurance and perform maintenance and repairs on the Ramada Englewood, and the Proof of Loss it submitted asserting financial loss in the amount of $2,423,632.42.  Any financial loss arising directly from a covered category of damage to the property, even one vastly smaller than $2 million, suffices to create an insurable interest.  *See* Colo. Rev. Stat. § 10-1-102(11).  As such, all three of Defendant's arguments in its Motion fail to demonstrate that it is entitled to judgment as a matter of law, and the Court need not consider Plaintiff's argument in its Response

that Defendant has waived the right to assert its insurable interest argument.  (*See* ECF No. 44 at 13–16.)

In Defendant's Reply, it raises an additional argument that no cognizable insurable interest on behalf of Plaintiff can arise from the Hotel Management Agreement because the Assignment was invalid for lack of prior written consent from ACPAA.  (ECF No. 45 at 4–5.)  Defendant argues that the Ground Lease agreement between ACPAA and Centennial Hotel invalidates any assignment executed without ACPAA's prior written consent.  (*Id.* (citing ECF No. 43-6 ¶ 26.14).)  While Defendant's Statement of Undisputed Material Facts includes a statement that neither Centennial nor ACPAA consented to the Assignment (MSUMF ¶ 13), the Motion does not articulate this invalidity argument.  Instead, the Motion refers solely to the possibility that the Assignment is invalid pursuant to a clause of the Hotel Management Agreement prohibiting assignment without the consent of Centennial Hotel.  (ECF No. 43 at 9.)  However, this latter argument does not warrant summary judgment in the face of evidence presented by Plaintiff.  This evidence raises a question of fact proper for a jury's resolution as to whether such consent by Centennial Hotel was in fact provided, or whether it was even necessary due to the nature of the Management Agreement and Rahmani's central role in both parties to the Assignment (Plaintiff and Southeast).  (*See* ECF No. 44-5 at 6–7, 23–29.)

Whatever merit the argument regarding ACPAA's lack of consent pursuant to the Ground Lease may have, the Court will not consider it here.  Defendant waived its ACPAA consent argument for purposes of summary judgment when it failed to raise it in its original Motion.  *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011)

("arguments raised for the first time in a reply brief are generally deemed waived"); *see also Celotex*, 477 U.S. at 326 (holding that Fed. R. Civ. P. 56 permits the entry of summary judgment only if the nonmovant is provided notice and an opportunity to present contrary evidence).  The Court therefore finds that Defendant has failed to meet its burden to show that it is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the reasons above, the Court ORDERS that Defendant's Motion for Summary Judgment (ECF No. 43) is DENIED.  This case REMAINS SET for a five-day jury trial to commence on January 11, 2016.

Dated this 16th day of October, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge